UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CAMP SCANDINAVIA AB, PETER
ALLARD HOLDING AB, and LIGHT
WEIGHT SUPPORT AB,

      Case No. 07-14925

    Plaintiffs,

      Honorable John Corbett O'Meara

v.

TRULIFE, INC., and TRULIFE, LTD.,

    Defendants.
                                 /

## ORDER REGARDING CLAIM CONSTRUCTION

This matter came before the court on the parties' November 3, 2008 claim construction briefs. Responses were filed November 17, 2008; and oral argument was heard December 4, 2008.

## BACKGROUND FACTS

This patent infringement case concerns an "ankle-foot orthosis," a type of orthopedic brace. A patient wears an ankle-foot orthosis to correct medical conditions which weaken or otherwise restrict the full use of the patient's foot or ankle. They are often worn by patients who have lost mobility in their feet because of nerve damage. Before the work of Dr. Stig Willner and Mr. Karl Engdahl, the inventors of the accused patent, ankle-foot orthoses were rigid and stiff and did not flex or bounce back while being worn. Willner and Engdahl's version provides better support and design.

Plaintiff Camp Scandinavia AB, a world-wilde distributor and marketer of health care products, is the exclusive licensee of the asserted patent. Plaintiffs Peter Allard Holding AB and

Light Weight Support AB are the assignees of the asserted patent. All three plaintiffs are Swedish corporations.

Defendants Trulife, Inc., and Trulife Ltd., are part of Trulife Group Limited, a private holding company based in Ireland. Trulife, Inc. is the U.S. importer and distributor of the accused orthoses and is a Michigan corporation with its principal place of business in Jackson, Michigan. Trulife, Ltd., is a U.K. corporation that manufactures and exports the accused orthoses to the United States.

At issue is U.S. Patent No. 5,897,515 ("the '515 patent"). The patent is comprised of 15 claims, and the parties seek claim construction for the following 8 terms: "frame," "thin flexible material," "supporting portion," "substantially inflexible reinforcement element," "extend behind the ball of the foot," "tough flexible element," "rigid," and "a narrow part of the sole of the foot."

## **LAW AND ANALYSIS**

The interpretation of a patent claim is a matter of law "exclusively within the province of the court." Markman v. Westview Instruments, Inc., 517 U.S. 370, 372 (1996). When interpreting the claims, the Federal Circuit has "frequently stated that the words of a claim 'are generally given their ordinary and customary meaning.'" Phillips v. AWH Corp., 415 F. 3d 1303, 1312 (Fed. Cir. 2005) (quoting Vitronics Corp. v. Conceptronic, Inc., 90 F.3d 1576, 1582 (Fed. Cir. 1996)). "[T]he ordinary and customary meaning of a claim term is the meaning that the term would have to a person of ordinary skill in the art in question at the time of the invention, *i.e.*, as of the effective filing date of the patent application." Id. at 1313. It is error to read a limitation into a claim based on an unclaimed aspect of an embodiment disclosed in the specification. See Phillips, 415 F.3d at 1320 (describing this as a "cardinal sin" of claim construction).

## 1. "frame"

**Claim language**

1. An ankle-foot orthosis comprising: a **frame** of thin flexible material sized and shaped to extend over the front of the lower leg, anterior of the lateral ankle on one side of the ankle only and beneath the sole of the foot;

**Camp's proposed construction**

A portion of the orthosis that gives shape and support to the orthosis.

**Trulife's proposed construction**

A continuous underlying structure that spans the entire orthosis.

**Construction**

Because there is no requirement in the claim language that the frame be "continuous" nor that it span the "entire" orthosis, the court finds that Defendants have added too many limitations. Therefore it will adopt Camp's proposed construction.

## 2. "thin flexible material"

**Claim language**

a frame of **thin flexible material** sized and shaped to extend over the front of the lower leg, anterior of the lateral ankle on one side of the ankle only and beneath the sole of the foot;

**Camp's proposed construction**

One or more layers of a bendable thin material.

**Trulife's proposed construction**

Material that, by itself, is not sturdy enough to support a patient's foot or ankle in order to improve the patient's gait. It is capable of being cut with an ordinary pair of scissors.

**Construction**

Defendants attempt to unnecessarily limit the construction by making the material capable of being cut by an ordinary pair of scissors; therefore, the court will adopt Camp's proposed construction.

### 3. "supporting portion"

**Claim language**

a **supporting portion** sized and shaped to extend over a narrow part of the front of the lower leg, anterior of the lateral ankle on one side of the ankle only and beneath only a part of the sole of the foot

**Camp's proposed construction**

A portion of the orthosis that resists movement of the ankle joint of the wearer to improve the gait of the wearer.

**Trulife's proposed construction**

A portion that is embedded in the frame and is narrower than the frame on the front of the lower leg and smaller than the portion of the frame that forms the foot plate.

**Construction**

Nothing in the claim language requires the supporting portion to be "embedded" in the frame, "narrower" than the frame on the front of the leg, or "smaller" than the frame's portion of the foot plate. These proposed size and shape details are too limited. The court will adopt Camp's proposed construction.

### 4. "substantially inflexible reinforcement element"

**Claim language**

the supporting portion comprising a **substantially inflexible reinforcement element**

**Camp's proposed construction**

A stiff element with limited flexibility, integral with the supporting portion, that provides reinforcement for the supporting portion.

**Trulife's proposed construction**

A portion of the supporting portion strong and stiff enough to adequately immobilize a patient's ankle and protect the patient's foot from uncontrolled and excessive range of motion inconsistent with normal gait.

**Construction**

Defendants would improperly import performance requirements such as "adequately immobilize" and protecting from "uncontrolled and excessive range of motion." Moreover, those requirements would differ, presumably, from patient to patient. The court will adopt Camp's proposed construction.

### 5. "extend behind the ball of the foot"

**Claim language**

a substantially inflexible reinforcement element sized and shaped to **extend behind the ball of the foot**

**Camp's proposed construction**

Reaching no further than the heel side of the ball of the foot.

**Trulife's proposed construction**

Bordering the heel side of the ball of the foot.

**Construction**

There is no requirement that the element "border" the heel side of the ball of the foot, only that it be behind the ball of the foot. Again, the court will adopt Camp's proposed construction.

### 6. "tough flexible element"

**Claim language**

2. An ankle-foot orthosis according to claim 1, wherein the supporting portion further comprises a **tough flexible element**

**Camp's proposed construction**

A portion of the orthosis, that is supportive and elastic during bending, and is less bendable than the flexible material of the frame and more bendable than the substantially inflexible reinforcement element.

**Trulife's proposed construction**

A portion of the orthosis that is flexible enough to allow a patient's toes to bend upward while a patient walks, but stiff enough to support the patient's foot.

**Construction**

The court finds that Camp's proposed construction is preferable, as it compares the flexibility of the frame to the substantially inflexible reinforcement element rather than defining the element by subjective performance requirements.

## 7. "rigid"

**Claim language**

    5. An ankle-foot orthosis comprising: . . . a reinforcement element of **rigid** carbon fiber reinforced plastic resin material sized and shaped to extend over a narrow part of the front of the lower leg, anterior of the lateral ankle on one side of the ankle only and beneath a narrow part of the sole of the foot behind the ball of the foot

**Camp's proposed construction**

    Stiff.

**Trulife's proposed construction**

    Strong and stiff enough to adequately immobilize a patient's ankle and protect the patient's foot from uncontrolled and excessive range of motion inconsistent with normal gait.

**Construction**

    The court will adopt Camp's clear and concise proposed construction.

## 8. "a narrow part of the sole of the foot"

**Claim language**

a reinforcement element of rigid carbon fiber reinforced plastic resin material sized and shaped to extend . . . beneath **a narrow part of the sole of the foot** behind the ball of the foot

**Camp's proposed construction**

    A portion of the sole of the foot that is not as wide as the widest portions of the sole of the foot.

**Trulife's proposed construction**

Substantially less than the width of the portion of the frame that forms the foot plate of the orthosis.

**Construction**

There are two problems with Defendants' proposed construction. First, the use of the word "substantially" is not contemplated by the claim language. Second, Defendants are using the device itself, the foot plate of it, rather than using the portions of the foot itself. Therefore, the court will adopt Camp's proposed construction.

## **ORDER**

It is hereby **ORDERED** that the 8 (eight) terms in dispute are to be construed in accordance with this order.


                                    s/John Corbett O'Meara
                                    United States District Judge


Date:  December 15, 2008


I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, December 15, 2008, by electronic and/or ordinary mail.


                                    s/William Barkholz
                                    Case Manager