UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CAMP SCANDINAVIA AB, PETER
ALLARD HOLDING AB, and LIGHT
WEIGHT SUPPORT AB,

       Plaintiffs/Counter-Defendants,

v.

TRULIFE, INC., and TRULIFE, LTD.,

       Defendants/Counter-Plaintiffs.
_____/

Case No. 07-14925

Honorable John Corbett O'Meara

**OPINION AND ORDER DENYING DEFENDANTS' JUNE 8, 2009 MOTION FOR SUMMARY JUDGMENT FOR INVALIDITY; DENYING PLAINTIFFS' JUNE 8, 2009 MOTION FOR SUMMARY JUDGMENT--NO ANTICIPATION FOR CLAIM 1; DENYING PLAINTIFFS' JUNE 8, 2009 MOTION FOR SUMMARY JUDGMENT--NON-OBVIOUSNESS OF CLAIM 1; DENYING PLAINTIFFS' JUNE 8, 2009 MOTION FOR SUMMARY JUDGMENT RE: PLAINTIFFS' PRODUCTS COVERED BY THE PATENT-IN SUIT; AND DENYING PLAINTIFFS' JUNE 8, 2009 MOTION FOR PARTIAL SUMMARY JUDGMENT--INFRINGEMENT OF CLAIM 1**

This matter came before the court on five dispositive motions filed June 8, 2009. Responses were filed July 2, 2009; and reply briefs were filed July 17, 2009. Oral argument was heard September 24, 2009. For the reasons set forth below, the court will deny all of the motions.

**BACKGROUND FACTS**

This patent infringement case concerns an "ankle-foot orthosis," a type of orthopedic brace. A patient wears an ankle-foot orthosis to correct medical conditions which weaken or otherwise restrict the full use of the patient's foot or ankle. They are often worn by patients who have lost mobility in their feet because of nerve damage. Before the work of Dr. Stig Willner and Mr. Karl Engdahl, the alleged inventors of the accused patent, ankle-foot orthoses were rigid and stiff and did not flex or bounce back while being worn.

Plaintiff Camp Scandinavia AB, a world-wilde distributor and marketer of health care products, is the exclusive licensee of the asserted patent. Plaintiffs Peter Allard Holding AB and Light Weight Support AB are the assignees of the asserted patent. All three plaintiffs are Swedish corporations.

Defendants Trulife, Inc. and Trulife Ltd. are part of Trulife Group Limited, a private holding company based in Ireland. Trulife, Inc. is the U.S. importer and distributor of the accused orthoses and is a Michigan corporation with its principal place of business in Jackson, Michigan. Trulife, Ltd. is a U.K. corporation that manufactures and exports the accused orthoses to the United States. For purposes of this order, Plaintiffs collectively will be referred to as "Camp" or "Plaintiff" and Defendants collectively as "Trulife" or "Defendant."

At issue is U.S. Patent No. 5,897,515 ("the '515 patent"). The patent is comprised of 15 claims, and the parties previously sought claim construction for eight terms. The court issued an order regarding those terms December 15, 2008.

## LAW AND ANALYSIS

**1. DEFENDANT TRULIFE'S MOTION FOR SUMMARY JUDGMENT FOR INVALIDITY FOR FAILING TO NAME JAN SMITS AS AN INVENTOR OR TO DISMISS FOR LACK OF STANDING [Docket #98]**

As the title of the motion suggests, defendant Trulife claims that Camp failed to name Jan Smits as a co-inventor of the patent at issue. If a co-inventor is not joined in a suit, the other inventors lack standing to sue.

Trulife claims that Smits worked with named inventors Stig Willner and Karl Engdahl to develop the '515 patent. Moreover, Trulife claims that it was Smits who conceived the idea to connect the upper portion of the orthosis to the footplate with one strut instead of two. Trulife

2

further claims that the idea was a significant element of the '515 patent because it was used during the Patent Office proceedings to distinguish a dual-strut design in the prior art.

Although Trulife argues that there is no genuine issue of material fact because both Plaintiff and Smits himself admit that Smits contributed to the single strut concept, there are indeed genuine issues of material fact. For example, Camp has presented an early hand drawing created by Willner that describes the '515 patent's "single strut" concept. The drawing pre-dates any work Smits did on the project. Because issues of material fact exist to preclude Trulife's assertion that Smits was an unnamed co-inventor, the court cannot grant Trulife's motion for summary judgment or the motion to dismiss for lack of standing.

## 2. CAMP'S MOTION FOR PARTIAL SUMMARY JUDGMENT–NO ANTICIPATION FOR CLAIM 1 [Docket #88]

Plaintiff Camp moves for summary judgment on Defendant's affirmative defense of invalidity based on a claim of anticipation pursuant to 35 U.S.C. § 102. Defendant identifies a 1991 article by Michael Madden as being anticipatory to the '515 patent. The testimony of Dr. Vijay Gupta, Defendant's expert witness, bolsters Trulife's argument.

The Madden article, however, fails to identify any type of fastening device. Trulife argues that a fastening device is inherent in the description because the AFO could not be used without it.

Anticipation is a question of fact. General Elec. Co. v. Nintendo Co., Ltd., 179 F.3d 1350, 1353 (Fed. Cir. 1999). Also, whether a claim limitation is inherent in a prior art reference for purposes of anticipation is a question of fact. In re Schreiber, 128 F.3d 1473, 1477 (Fed. Cir. 1997). In this case, there are genuine issues of material fact regarding both anticipation and whether the straps are inherent in the prior art; therefore, the court will not grant summary judgment.

**3. CAMP'S MOTION FOR SUMMARY JUDGMENT (NON-OBVIOUSNESS OF CLAIM 1) [Docket #93]**

A claimed invention is patentable unless the differences between it and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the pertinent art. 35 U.S.C. § 103(a). The ultimate determination of whether an invention would have been obvious is a legal conclusion based on underlying findings of fact. The factual determinations underpinning the legal conclusion of obviousness include the following: 1) the scope and content of the prior art, 2) the level of ordinary skill in the art, 3) the differences between the claimed invention and the prior art, and 4) evidence of secondary factors, also know as objective indicia of non-obviousness. Graham v. John Deere Co., 383 U.S. 1, 17-18 (1966). In this case, one of Trulife's defenses is that the patent should be deemed invalid on the basis of obviousness.

Trulife points out that the only difference between the patent at issue and the prior art is its single strut characteristic and argues that the removal of the second strut (which the prior art had) would have been obvious to a person of ordinary skill in the art. Dr. Gupta offers an expert report including a chart comparing details of "Madden's Hemi-Spiral Orthosis" to the elements of Claim 1 of the '515 patent. Gupta opines that even if the Madden hemi-spiral orthosis is missing any of the elements of Claim 1, "those elements would have been obvious to a person of ordinary skill in the art."

Although obviousness or lack thereof is a question of law, a genuine dispute over motivation to combine prior art is an issue of fact which precludes summary judgment based on obviousness. See e.g., Commonwealth Scientific & Indus. Research Org. v. Buffalo Tech., Inc., 542 F.3d 1363, 1374-75 (Fed. Cir. 2008). In this case there appear to be disputed facts regarding motivation.

Trulife, through its expert Gupta, alleges in fairly general terms that the motivation to combine prior art was to make an orthosis that is lighter weight; therefore, removing one strut and/or changing to lighter, composite materials would have been inevitable, hence obvious.

The court will deny Plaintiff's motion for summary judgment because reasonable minds could differ regarding motivation–as evidenced by the parties' opposing expert opinions and reports.

**4. CAMP'S MOTION FOR SUMMARY JUDGMENT RE: PLAINTIFF'S PRODUCTS COVERED BY THE PATENT-IN-SUIT [Docket #95]**

Determining whether the alleged infringing product practices the patented invention may ultimately impact other issues in the case such as entitlement to lost profits or an injunction. Summary judgment is properly granted when, after drawing all reasonable inferences against the products arguably covered by the patent, there is no genuine issue of material fact as to whether the product practices the claimed invention. See Rodime PLC v. Seagate Tech., Inc., 174 F.3d 1294, 1301 (Fed. Cir. 1999). Under the all-elements rule, a product or process is covered by a patent when it contains each limitation of the claim, either literally or by an equivalent. Freedman Seating Co. v. American Seating Co., 420 F.3d 1350, 1358 (Fed. Cir. 2005). The entire market value rule permits recovery of damages based on the value of a patentee's entire apparatus containing several features when the patent-related feature is the "basis for customer demand." Right-Hite Corp. v. Kelley Co., 56 F.3d 1538, 1549 (Fed. Cir. 1995).

Camp contends it is entitled to summary judgment because the alleged infringing product consists of a composite frame, supporting portion and footplate made of carbon and/or fiberglass layers, as well as two hook and loop straps used to secure the orthosis to the wearer's lower leg. Dr. Lee Swanger, Camp's expert, explains in his report that in order to analyze the products, he disassembled them by burning each product with heptane gas. The application of heat removed the

resin materials but left the composite layers that comprise each of the AFO's. Ultimately, Swanger concluded that Claim 1 literally reads on both products, thereby providing the requisite *prima facie* showing.

Trulife first argues that Swanger failed to present a signed affidavit for his findings. This defect, however, has been cured by Camp's subsequent filing of an affidavit. Furthermore, Trulife asserts that Camp, through Swanger or otherwise, has presented no evidence to show that the layers that form the composite material are bendable. Because genuine issues of material fact exist, the court cannot grant Camp's motion for summary judgment at this time.

## 5. CAMP'S MOTION FOR PARTIAL SUMMARY JUDGMENT (INFRINGEMENT OF CLAIM 1) [Docket #97]

Literal infringement occurs in cases in which each limitation of at least one claim of the patent is found exactly in the alleged infringer's product. Panduit Corp. v. Dennison Mfg. Co., 836 F.2d 1329, 1330 n. 1 (Fed. Cir. 1987). Camp has the burden of proving infringement and must meet its burden by a preponderance of the evidence. Smithkline Diagnostics, Inc. v. Helena Labs. Corp., 859 F.2d 878, 889 (Fed. Cir. 1988). Comparing the properly construed claims to the device accused of infringing is a question of fact. Bai v. L & L Wings, Inc., 160 F.3d 1350, 1353 (Fed. Cir. 1998). However, "[s]ummary judgment on the issue of infringement is proper when no reasonable jury could find that every limitation recited in a properly construed claim either is or is not found in the accused device either literally or under the doctrine of equivalents." PC Connector Solutions LLC v. SmartDisk Corp., 406 F.3d 1359, 1364 (Fed. Cir. 2005).

In this case, plaintiff Camp contends that it has met its burden in showing that the accused device, defendant Trulife's Matrix Max, contains each limitation of Claim 1. Claim 1 details an AFO with a specific combination of features to include a **frame** of thin, flexible material that

extends over the front of the lower leg, anterior of the lateral ankle and under the foot; a **supporting portion**, including a **substantially inflexible reinforcement element** that extends over the same parts of the lower leg and foot (behind the ball); and a **fastening means** for securing the orthosis to the lower leg of the wearer.

Defendant Trulife argues that the Matrix Max does not infringe because it lacks a frame of thin, flexible material because the fiberglass layers of the Max, when cured with resin along with layers of carbon, become part of a "monolithic strut" that is no longer a thin and flexible frame as required by the patent claims. The issue presents a question of fact for the jury. Accordingly, the court will not grant the motion for summary judgment.

## ORDER

It is hereby **ORDERED** that defendant Trulife's June 8, 2009 motion for summary judgment for invalidity (Docket #98) is **DENIED.**

It is further **ORDERED** that plaintiff Camp's June 8, 2009 motion for partial summary judgment--no anticipation for Claim 1 (Docket # 88) is **DENIED.**

It is further **ORDERED** that plaintiff Camp's June 8, 2009 motion for summary judgment--non-obviousness of Claim 1 (Docket #93) is **DENIED.**

It is further **ORDERED** that plaintiff Camp's June 8, 2009 motion for summary judgment re: Plaintiff's products covered by the patent-in-suit (Docket #95) is **DENIED.**

It is further **ORDERED** that plaintiff Camp's June 8, 2009 motion for partial summary judgment--infringement of Claim 1 (Docket #97) is **DENIED.**

s/John Corbett O'Meara<br>United States District Judge

Date:  November 13, 2009

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, November 13, 2009, using the ECF system and/or ordinary mail.

s/William Barkholz<br>Case Manager